## UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| J.V. MANUFACTURING, INC.; J.V. MANUFACTURING, INC. t/a and d/b/a CRAM-A-LOT, <br><br> Plaintiff, <br><br> v. <br><br> DEMATIC CORPORATION and DEMATIC CORP., <br><br> Defendants. | Civ. Action No. _____ <br><br> **NOTICE OF REMOVAL** <br><br> Removed Proceeding: <br> Lackawanna County Court of Common Pleas <br> Case No. SSX2021-cv-4954 |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Dematic Corp. ("Dematic") respectfully submits this notice of removal of a case from the Court of Common Pleas of Lackawanna County, Pennsylvania, which is based on the following:

1. On February 22, 2022, Plaintiff, J.V. Manufacturing, Inc. ("JV"), filed a complaint in the civil action styled as *J.V. Manufacturing, Inc., et al. v. Dematic Corporation, et al.* in the Court of Common Pleas of Lackawanna County, Pennsylvania (the "State Court"). A true and correct copy of the Complaint is appended here as **Exhibit A**. JV previously filed a Praecipe for Writ of Summons, with no Complaint, on November 21, 2021. A true and correct copy of the Praecipe for Writ of Summons is appended here as **Exhibit B**.

2. On or about February 28, 2022, Dematic received a letter dated February 17, 2022 (prior to the filing of the Complaint) from Plaintiff's counsel, forwarding a copy of a complaint that did not contain a time stamp by the State Court (the "Unstamped Complaint"). A true and correct copy of the letter is appended here as **Exhibit C.**

3. The Unstamped Complaint and the Complaint are the only documents in the State Court action that set forth the claims upon which JV's action is based.

4. This notice is timely because Dematic effected removal within thirty days of service of a paper from which it could first be ascertained that the action is removable. *See* 28 U.S.C. § 1446(b)(1).

5. Concurrent with this filing, Dematic is serving this Notice on JV (via counsel) and filing a copy with the State Court.

## THE PARTIES

6. JV, a corporation, is organized under the laws of and maintains its principal place of business in the State of Arkansas. (*See* Ex. A, Compl., ¶ 1 ("Plaintiff . . . maintains a principal place of business at 701 HWY 265 Spur, Springdale, AR 72765."); *see also* Kerner Decl., Ex. D, Records from Arkansas Sec'y of State (establishing that JV is a "domestic" Arkansas corporation).)

7. Dematic is a Delaware corporation that maintains its principal place of business in the State of Michigan. (*See* Ex. A, Compl., ¶ 2 (recognizing that Dematic maintains its principal place of business in Michigan); *see also* Kerner Decl., Ex. E, Records from Delaware Sec'y of State (establishing that Dematic is a "domestic" Delaware corporation).)[1]

8. Dematic's proper name is "Dematic Corp." To the best of Dematic's knowledge, the defendant named as "Dematic Corporation" does not exist. Thus, its appearance in the caption does not affect this Court's exercise of jurisdiction. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 462 (1980) (noting that the citizens upon whose diversity jurisdiction is grounded must be "real and substantial," and instructing that federal courts "must disregard nominal or formal parties and

---

[1] JV alleges that Dematic maintains addresses in both Grand Rapids, Michigan and Atlanta, Georgia. (*See* Ex. A, Compl., Caption.) Whether Dematic's principal place of business is located in Michigan or in Georgia is a difference without distinction; either way, the parties are completely diverse, and the amount in controversy exceeds $75,000.

2

rest jurisdiction only upon the citizenship of the real parties to the controversy"); *Susman v. Goodyear Tire & Rubber Co.*, No. 17-3521, 2018 U.S. Dist. LEXIS 39214, at *21-26 (E.D. Pa. Mar. 9, 2018) (disregarding supposed citizenship of entity that did not exist).

9. Throughout the Complaint, JV repeatedly refers to "Dematic North America." (*See, e.g.*, Ex. A, Compl., ¶ 3.) However, "Dematic North America," like "Dematic Corporation," does not exist. It is merely a trade name of Dematic. Thus, its citizenship may be disregarded. *See Navarro*, 446 U.S. at 462; *Susman*, 2018 U.S. Dist. LEXIS 39214, at *21-26.

## THE COMPLAINT

10. JV alleges that it was sued in the Court of Common Pleas of Luzerne County, Pennsylvania, in case number 17-cv-5907, by Michael Dunsmore, who asserted claims for "alleged injuries, losses and/or damages arising out of an incident that occurred on or about December 30, 2015 at a Wal-Mart Distribution Center in Tobyhanna, Pennsylvania." (Ex. A, Compl., ¶ 4.) A copy of the Complaint filed by Michael Dunsmore is appended here as **Exhibit F** (the "Dunsmore Complaint").[2]

11. In that action, Michael Dunsmore alleged that his left arm was amputated "as a result of his operation/use of a baling machine, identified as 'Cram-A-Lot' HX 72 baler, serial # BH641-01 (hereinafter 'subject baler') manufactured by" JV. (Ex. A, Compl., ¶ 5; *see also, generally*, Ex. F, Dunsmore Compl.)

12. In this action, despite the fact that it has not been held liable in the underlying action, JV asserts claims against Dematic for contribution and common law indemnity. (*See generally* Ex. A, Compl.) JV alleges that Dematic "installed the subject baler in an incorrect,

---

[2] In fact, JV was sued in Lackawanna County, not Luzerne County. (*See generally* Ex. F, Dunsmore Compl.)

improper and/or negligent manner by materially changing the form, layout and/or design of the subject baler from its original condition at the time of manufacture and delivery by [JV,] which conduct was a proximate cause of the injuries, losses and/or damages alleged by underlying Plaintiff Dunsmore." (*See id.* at ¶ 8.)

## DIVERSITY JURISDICTION

13. This Court has jurisdiction over the action because the matter in controversy is between citizens of different States, *see* 28 U.S.C. § 1332(a)(1), and the amount in controversy exceeds $75,000, exclusive of interest or costs, *see* 28 U.S.C. § 1332(a).

14. The amount in controversy requirement is satisfied based on a reasonable reading of the allegations of the Complaint. *See Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (holding that the amount in controversy should be determined from "a reasonable reading of the value of the rights being litigated," as alleged in the Complaint).

15. When, as here, the plaintiff has not stated in the Complaint that the amount in controversy is less than the jurisdictional threshold, the Court must apply the test set forth in *Samuel Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392 (3d Cir. 2004). *See Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007); *Vinski v. State Farm Mut. Auto. Ins. Co.*, No. 11-1326, 2012 U.S. Dist. LEXIS 2567, at *2-3 (W.D. Pa. Jan. 10, 2012). "Under this test, the burden shifts to the party challenging subject matter jurisdiction to prove, to a legal certainty, that the amount in controversy cannot exceed the statutory threshold." *Vinski*, 2012 U.S. Dist. LEXIS 2567, at *2. This rule from *Red Cab* "does not require the removing defendant to prove to a legal certainty the plaintiff can recover the amount in controversy—a substantially different standard." *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 501 (3d Cir. 2014) (citation, quotation marks, and

alterations omitted). Indeed, "[t]he rule does not require the proponent of federal jurisdiction to prove anything." *Vinski*, 2012 U.S. Dist. LEXIS 2567, at *3.

16. Michael Dunsmore alleged in the underlying action that his arm was amputated, and, in this action JV alleges that fault for the injury lies with Dematic. Thus, without conceding the availability of any particular remedy, this action involves citizens of different states, and the amount in controversy exceeds $75,000. Accordingly, this action is one over which this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## VENUE

17. Under 28 U.S.C. § 1441(a), the United States District Court for the Middle District of Pennsylvania is the proper venue for removal because this suit was pending in the Court of Common Pleas of Lackawanna County, Pennsylvania, which lies within the Middle District of Pennsylvania.

## PROCEDURAL REQUIREMENTS AND LOCAL RULES

18. The Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11. *See* 28 U.S.C. § 1446(a).

19. As required by 28 U.S.C. § 1446(d), copies of this Notice are being served on all parties of record and filed with the State Court.

20. A copy of all process, pleadings, and orders served on Dematic is attached hereto as exhibits.

21. By filing this Notice, Dematic does not waive its right to object to service of process, sufficiency of process, venue, the exercise of personal jurisdiction, or the propriety of any claim asserted against it. No admission of fact, law, or liability is intended by this Notice of Removal, and all defenses, motions, and pleas are expressly reserved.

22.     Based on the foregoing, this Court has jurisdiction pursuant to 28 U.S.C. § 1332, and this matter may be removed under 28 U.S.C. § 1441.

**WHEREFORE**, notice is given that the action is removed from the Court of Common Pleas of Lackawanna County to the United States District Court for the Middle District of Pennsylvania.

Dated: March 21, 2022 /s/ *Justin Kerner*
Justin Edward Kerner, Esq.
*KernerJ@ballardspahr.com*
Ballard Spahr LLP
700 East Gate Drive, Suite 330
Mount Laurel, NJ 08054-1500
T: 856.761.3400

*Counsel for Defendant, Dematic Corp.*