UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| J.V. MANUFACTURING, INC., | : | |
| J.V. MANUFACTURING, INC. t/a | | |
| and d/b/a CRAM-A-LOT, | : | |
| Plaintiffs | : | CIVIL ACTION NO. 3:22-412 |
| v. | : | (JUDGE MANNION) |
| DEMATIC CORPORATION; | : | |
| DEMATIC CORP., | | |
| | : | |
| Defendants | | |

# MEMORANDUM

Pending before the court is the defendant's motion to dismiss the plaintiff's complaint. (Doc. 3). Based upon the court's review, the defendant's motion will be **GRANTED**.

The plaintiff in this action, JV Manufacturing, Inc. ("JV"), is the defendant in a lawsuit brought in the Court of Common Pleas of Lackawanna County by Michael Dunsmore, who alleges that his left arm was amputated above the elbow by a baler manufactured and sold by JV. In the state court action, JV moved to join the defendant in this action, Dematic Corp. ("Dematic"). However, the motion for joinder and a subsequent motion for reconsideration were denied. While its motion for

1

reconsideration was pending, JV filed the instant stand-alone action in the Lackawanna County Court of Common Pleas asserting claims for contribution and indemnification against Dematic. Dematic removed the action to this court on the basis of diversity jurisdiction and now moves to dismiss the matter arguing that the court lacks subject matter jurisdiction or, in the alternative, that the plaintiff has failed to state a claim upon which relief can be granted.

Initially, Dematic argues that the *Dunsmore* case which prompted this action is still ongoing in the state court making JV's claims for contribution and indemnification neither ripe nor justiciable. As such, Dematic argues that JV's claims must be dismissed for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).

Article III, §2, of the United States Constitution restricts the federal "judicial Power" to the resolution of "Cases" and "Controversies." U.S. Const. art. III, §2. The case-or-controversy requirement is enforced in the federal courts through various justiciability doctrines, including standing, ripeness, mootness, and the prohibition on advisory opinions. *Gorton v. Gardner Denver, Inc.*, 2022 WL 7579808, at *4 (M.D. Pa. Oct. 13, 2022) (citing *Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 137 (3d Cir.

2

2009)). These doctrines recognize that Article III requires "antagonism" between the parties and "concreteness" of the dispute between them. *Id.* (citing *State of New Jersey, Dept. of Envtl. Prot. and Energy v. Heldor Indus., Inc.*, 989 F.2d 702, 706 (3d Cir. 1993)). "Whether a particular action satisfies the jurisdictional requirement of a case or controversy presents a question of federal law." *Id.* (quoting *J.J. Smith & Co., Ltd. v. Carpenter's Mach. Co.*, 1994 WL 108883, at *2 (E.D. Pa. Mar. 30, 1994)).

"[A] dispute is not ripe for judicial determination if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *TDY Indus. V. Nat'l Freight Transp., Inc.*, 2009 WL 691947, *9 (W.D.Pa. Mar. 12, 2009) (quoting *Wyatt, Virgin Islands, Inc. v. Gov't of the Virgin Islands, et al.*, 385 F.3d 801, 806 (3d Cir. 2004) (citations omitted)). Under Pennsylvania law, JV's claims for common law indemnification and contribution will only accrue, if at all, once JV is found liable and pays damages to Mr. Dunsmore. *See* 42 Pa.C.S. §8324(b) ("A joint tort-feasor is not entitled to a money judgment for contribution until he has by payment discharged the common liability or has paid more than his *pro rata* share thereof."); *Cobb v. Nye*, 2015 WL 3702515, at *2 (M.D. Pa. June 12, 2015) ( recognizing "a claim for contribution or indemnity does

3

not mature until there is a final adjudication of the party's liability and the party has paid more than his *pro rata* share of the judgment.") (citation omitted); *Zuzel v. Cardinal Health, Inc.*, 2021 WL 4552285, at *14 (E.D. Pa. Oct. 5, 2021) (citing *Crew v. Home Depot U.S.A., Inc.*, 2020 WL 362721, at *3 (E.D. Pa. Jan. 22, 2020) (finding claims for indemnity and contribution premature where "the jury has yet to find [defendant] liable to" plaintiff); *see also Transp. Ins. Co. v. Spring-Del Assocs.*, 159 F. Supp. 2d 836, 840 (E.D. Pa. 2001) ("Under Pennsylvania law, a claim for indemnification does not fully accrue until payment is made to the injured party.")). The proceedings against JV are ongoing in the state court. JV has not been found liable, a judgment has not been entered against JV, and JV has not paid any damages to Mr. Dunsmore. As such, any claim of contribution or indemnity against Dematic is not ripe for resolution and not justiciable. Given this, the court finds the plaintiff's complaint is subject to dismissal.[1]

---

[1] Given the court's finding that the plaintiff's complaint is subject to dismissal on the defendant's Rule 12(b)(1) argument, the court need not address the defendant's argument that the complaint is also subject to dismissal under Fed.R.Civ.P. 12(b)(6).

4

In light of the foregoing, an appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated:  March 20, 2023**
22-412-01