UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **J.V. Manufacturing, Inc.,** | : | **CIVIL ACTION NO. 22-cv-412** |
| **Plaintiff,** | : | **(JUDGE MANNION)** |
| v. | : | |
| **Dematic Corp.,** | : | |
| **Defendant.** | : | |

### MEMORANDUM

Presently before the court is Defendant's motion to dismiss (Doc. 37) Plaintiff's seconded amended complaint. (Doc. 36.) Plaintiff designed and manufactured a baler machine that Defendant sold to and installed at a Wal-Mart Distribution Center in Tobyhanna Pennsylvania. While using this bailer a distribution center employee suffered a below the arm amputation. Plaintiff, who has already settled with the injured party in state court, seeks contribution and indemnity from Defendant. However, Defendant argues Plaintiff's claim for indemnification should be dismissed because the state court case establishes at least Plaintiff's partially liability in causing the underlying injury. The court disagrees at this stage of the proceeding. Accordingly, Defendant's motion to dismiss Plaintiff's indemnification claim will be **DENIED**.

I.    **Background**

Plaintiff designed and manufactured a baling machine, identified as "Cram-A-Lot" HX 72 baler, serial #BH641-01. Plaintiff sold this machine to Defendant. Plaintiff pleads that when the baler left its possession, it was designed in a safe and reasonable manner for its intended use and contained no defective or dangerous conditions. Defendant thereafter sold the baler to the Wal-Mart Distribution Center located at 100 Veterans Drive, Tobyhanna, Pennsylvania, where Plaintiff pleads Defendant installed the baler in an incorrect, improper, defective, and/or negligent manner by materially changing the form, layout and/or design of the baler from its original condition. Specifically, Defendant repositioned the machine control panel to the left side of the bailer such that the operator could not reasonably observe the baler door close point.

On December 20, 2015, the arm of a Wal-Mart Distribution Center employee, Michael Dunsmore, became trapped in the baler's door when the machine was activated by a co-worker from the machine's control panel, causing the amputation of Mr. Dunsmore's arm below the elbow. Subsequently Dunsmore filed a personal injury lawsuit against Plaintiff in the Lackawanna County Court of Common Pleas. Plaintiff attempted to join Defendant in this action but its motion for joinder was denied twice as

untimely. The state court parties proceeded to mediation where Plaintiff settled with Mr. Dunsmore on October 20, 2022, for a confidential sum certain payment. The settlement and release with Mr. Dunsmore explicitly reserved Plaintiff's right to seek contribution and indemnity from Defendant.

While the state court case between Mr. Dunsmore and Plaintiff was still pending, Plaintiff first asserted its present claims against Defendant before this court. Defendant filed a motion to dismiss, which the court granted without prejudice because these claims were unripe. After Plaintiff settled with Mr. Dunsmore, the court re-opened this action and granted Plaintiff leave to file its first amended complaint. Defendant also motioned to dismiss this complaint but by stipulation Plaintiff filed its operative second amended complaint. Defendant now motions to dismiss only Plaintiff's indemnity claim arguing that Plaintiff as failed to state such a claim in violation of Federal Rule of Civil Procedure 12(b)(6).

## II.     Legal Standard

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P.12(b)(6). The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir.

2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id.* Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *See Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached]

documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

Finally, "[i]nasmuch as Pennsylvania law governs this action[,] we treat Pennsylvania Supreme Court opinions as binding precedent and Pennsylvania Superior Court opinions as persuasive precedent." *State Farm Fire & Cas. Co. v. Estate of Mehlman*, 589 F.3d 105, 107 n.2 (3d Cir. 2009).

### III. Discussion

Defendant argues that Plaintiff's indemnification claim should be dismissed with prejudice because Plaintiff has not alleged and cannot show it was blameless for Mr. Dunsmore's injury. Specifically, Defendant argues that the state court record and Plaintiff's settlement agreement with Mr. Dunsmore establish that Plaintiff is at least partially liable for the underlying injury. Conversely Plaintiff argues that there was no finding of fault against it

in the underlying state court action and its settlement with Mr. Dunsmore does not preclude indemnity from Defendant as the solely liable party. The court will address these arguments in turn.

### A. The State Court Record

Under Pennsylvania law, common law indemnity is a "right which insures to a person who, without active fault on his own part, has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable." *Builders Supply Co. v. McCabe*, 366 Pa. 322, 326 (1951). Common law indemnity is a fault shifting rather than fault sharing mechanism, in which a defendant who has been held liable to a plaintiff seeks to recover his loss from a defendant who was actually responsible for the accident which resulted in the loss. *Sirianni v. Nugent Bros.*, Inc., 509 Pa. 564, 571 (1986).

To survive a motion to dismiss, the plaintiff asserting a common law indemnification claim must plausibly allege that: (i) the plaintiff has paid the underlying tort plaintiff; (ii) there is a preexisting legal relationship between the plaintiff and defendant which makes the defendant primarily liable for the underlying tort; and (iii) the plaintiff had no active part in causing the injury. *Id*. citing *Builders Supply Co.*, 77 A.2d at 370-71.

Here Defendant argues that Plaintiff's indemnity claim falls on the third element because the state court record shows Plaintiff had an active part in causing the injury. Specifically, Defendant cites the state court's order granting in part in and denying in part Plaintiff's motion for summary judgment against Mr. Dunsmore, which references the deposition testimony of Plaintiff's corporate representative indicating that Plaintiff designed and sold the baler in a state that it could be installed in the manner that caused Mr. Dunsmore's injury, and Mr. Dunsmore's expert report which concluded that Plaintiff failed to place proper safety decals on the baler and knew or reasonably should have known it needed to take additional steps to reduce the hazard that ultimately caused Mr. Dunsmore's injury. Likewise, Defendant cites the state court order denying Plaintiff's motion for reconsideration (regarding its motion to join Defendant), which noted Plaintiff's own operator's manual included instructions for installing the baler's control panel in exactly the manner Defendant installed the baler and caused Mr. Dunsmore's injury.

Defendant asserts that the court may consider these aspects of the state court record because they were incorporated by reference in Plaintiff's second amended complaint and are judicially noticeable. In evaluating a motion to dismiss, a court may consider "documents that are attached to or

submitted with the complaint," and any "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* §1357 (3d ed.2004)).

Here Plaintiff's second amendment only incorporates by reference the factual averments contained in Mr. Dunsmore's state court complaint without admitting any such facts. Likewise, only Mr. Dunsmore's complaint and the state court settlement agreement are attached to Plaintiff's second amendment complaint. Accordingly, the state court's summary judgment and motion for reconsideration opinions have not been incorporated by reference in Plaintiff's second amended complaint and cannot be considered as such.

Regarding Defendant's arguments on judicial notice, this court "may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426–27 (3d Cir. 1999). The Third Circuit has also held "a court that examines [evidence from] a prior proceeding to find facts converts a motion to dismiss into a motion for

summary judgment." *See Kauffman v. Moss,* 420 F.2d 1270, 1274–75 (3d Cir. 1970). Here Defendant asks the court to take judicial notice not only of the existence of the state court record but also the truth of its references to depositions, expert reports, and other evidence produced during discovery. To examine such facts would convert this motion into one for summary judge and is thus inappropriate at this stage of the proceeding. Accordingly, while the court takes judicial notice that the state court's summary judgment and motion for reconsideration opinions exist, it does not take judicial of the facts recited therein.[1]

### B. The Settlement Agreement

Defendant also argues that Plaintiff's settlement agreement with Mr. Dunsmore shows or at least provides another source of proof that Plaintiff is not blameless for the underlying tort. Specifically, Defendant argues that the court may consider the settlement agreement because it is a "written instrument' attached to the pleading, which is a part of the pleading for all

---

[1] If the state court had granted Mr. Dunsmore summary judgment and found Plaintiff wholly liable, then the court could have taken judicial notice of the existence of that opinion for the purposes of *res judicata*. But as Plaintiff points out the state court record contains no judicial determinations of fault so the judicial notice of the mere existence of this record is of no moment. However, if the evidence of Plaintiff's at least partial liability referenced here is presented again to this court on summary judgment, Plaintiff's indemnification claim could dismissed that time.

purposes. FED. R. CIV. P. 10(c).[2] Defendant is correct. However, under Pennsylvania law, settlement agreements are not to be construed as an admission of liability by the settling defendant in an action for personal injuries. 42 Pa.C.S. §6141 provides that "settlement with or any payment made to an injured person … shall not constitute an admission of liability by the person making the payment or on whose behalf the payment was made." Moreover, Plaintiff's settlement agreement with Mr. Dunsmore, explicitly reserves its right to seek indemnity from Defendant. Accordingly, the settlement agreement also does not establish Plaintiff's liability, nor does not it defeat Plaintiff's indemnification claim.

IV.  Conclusion

Based on the foregoing Defendant's motion to dismiss Plaintiff's indemnification claim will be **DENIED**. An appropriate order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 4, 2024**
22-412-02

---

[2] Defendant also cites an unpublished state trial court case, *State Farm Ins. Co. v. Hartford Casualty Co.*, No. GD 11 3693 (C.P. Allegheny Oct. 20, 2011). Besides the fact this case is non-precedential, Defendant does not attach a copy of it to its brief in violation of Local Rule 7.8. As such the court will not entertain any arguments on this case.